THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Allan A. Rashford, Respondent,
 v.
 Joanne Christopher,
 Individually and as Personal Representative of the Estate of Burnic Evelyn
 Burris Jones, Randolph Burris Jones and Thomas Powell Jones, Appellants.
 
 
 

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court
 Judge
Unpublished Opinion No.  2009-UP-222
Submitted April 1, 2009  Filed May 27,
 2009  
AFFIRMED

 
 
 
 Stanley C. Rodgers of Charleston, for Appellants.
 Dwayne
 M. Green of Charleston for Respondent.   
 
 
 

PER
 CURIAM:  Joanne Christopher, Randolph Burris Jones, and Thomas
 Powell Jones (collectively Appellants) argue the trial court erred in granting
 a directed verdict in favor of Allan Rashford.  On appeal, Appellants contend
 the agreement entered into by Rashford and Burnic Jones did not require them to
 sell property to Rashford within one year of Jones' death.  We affirm pursuant to Rule 220(b), SCACR, and the following
 authorities:  Law v. S.C. Dep't of Corrs., 368 S.C. 424, 434-35, 629
 S.E.2d 642, 648 (2006) (stating the appellate court will reverse the trial
 court's ruling on a directed verdict motion only when there is no evidence to
 support the ruling or when the ruling is controlled by an error of law); Cock-N-Bull
 Steak House, Inc. v. Generali Ins. Co., 321 S.C. 1, 4, 466 S.E.2d 727, 729
 (1996) (noting a directed verdict is proper when the evidence at trial yields
 only one inference); Tommy L. Griffin Plumbing & Heating Co. v. Jordan,
 Jones & Goulding, Inc., 351 S.C. 459, 474, 570 S.E.2d 197, 205 (Ct.
 App. 2002) ("Inasmuch as the construction of the
 subject contract can be
 determined by consideration of the plain and unambiguous language of the contract, it becomes a question of law to be resolved by the court .
 . . ."); Jordan v. Sec. Group, Inc., 311 S.C. 227, 230, 428
 S.E.2d 705, 707 (1993) ("Where the language of a contract is plain and
 capable of legal construction, that language alone determines the instrument's
 force and effect."). 
AFFIRMED.
HEARN, C.J., and PIEPER,
 J., and LOCKEMY, J., concur.